UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY  BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01291-JMS-TAB |
| | ) | |
| GREGORY  SASSER, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

## ORDER

On August 14, 2015, Defendants Gregory Sasser ("Mr. Sasser") and Sasser Trucking LLC ("Sasser") removed Plaintiff Timothy Bryan's action from state court to federal court, alleging that this Court can exercise diversity jurisdiction.  [Filing No. 1.]  Because Defendants do not properly plead a basis for diversity jurisdiction, the Court cannot confirm the existence of diversity jurisdiction at this time.

First, Defendants allege that Mr. Sasser "is not a citizen of the State of Indiana."  [Filing No. 1 at 1.]  They further allege that Mr. Sasser is the sole member of Sasser—an LLC—thus, Sasser is "not a citizen of Indiana."  This is insufficient because the Court needs to know the jurisdictional details; conclusory allegations are insufficient.  *See Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002) ("To determine the citizenship [of an unincorporated entity] we need to know the name and citizenship(s) of its general and limited partners."); *see also Guar. Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) ("At oral argument we told counsel that it is essential to put into the record the name and citizenship of each partner.").  Additionally, without knowing the specifics of Defendants' jurisdictional allegations, Plaintiff will not be able to confirm whether he agrees pursuant to Local Rule 81-1.

Second, Defendants allege that they have a good faith belief that the amount in controversy exceeds $75,000.  [Filing No. 1 at 2.]  The amount in controversy must, however, exceed "$75,000, *exclusive of interest and costs*."  28 U.S.C. § 1332 (emphasis added).  Defendants' Notice of Removal does not contain this necessary allegation.

The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For the reasons stated herein, the Court **ORDERS** Defendants to file an Amended Notice of Removal by **August 28, 2015**, specifically setting forth citizenship facts for each party and stating whether the amount in controversy is at least $75,000, exclusive of interest and costs.  Plaintiff's time to file a statement pursuant to Local Rule 81-1 will begin when Defendants file a compliant Amended Notice of Removal.

Date: August 18, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@travelers.com